[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15141
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-23372-PCH

TIE QIAN,

                                                          Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 23, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Tie Qian, a counseled appellant who proceeded *pro se* before the district court, appeals the district court's grant of summary judgment to the Secretary of the Department of Veterans Affairs ("VA"), in his action alleging a termination of his employment and a revocation of his medical staff privileges without due process of law. He argues that the district court erred by refusing to grant him leave to amend his complaint, two weeks before trial, to state a discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16, based on his national origin. Specifically, he contends that the court did not afford him the leniency granted to *pro se* litigants, that it erred by finding that his discrimination claim and due process claim did not arise from the same conduct, and that it, consequently, erred by finding that any amendment of his complaint to state a discrimination claim, which at that point would have otherwise been time-barred absent a relation back to the original filing, would be futile. He also contends that the district court erred by finding that, as a temporary employee, he was not entitled to any procedural due process prior to his termination or the revocation of his privileges and the subsequent reporting of such to the National Practitioner Data Bank ("NPDB").

I.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed.2d 1 (2002) (finding that the petitioner's complaint satisfied Rule 8(a)'s pleading requirements "because it g[ave] respondent fair notice of the basis for petitioner's claims"). A complaint must also "state a claim to relief that is plausible on its face," however. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ––––, ––––, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009). The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.

A federal court must liberally construe *pro se* pleadings. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). However, even liberal pleading standards do "not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004). "At the summary judgment stage, the proper procedure for

3

plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).  A plaintiff may not amend h[is] complaint through argument in a brief opposing summary judgment." *Id*. at 1315.

"We review the district court's refusal to grant leave to amend for abuse of discretion, although we exercise *de novo* review as to the underlying legal conclusion that an amendment to the complaint would be futile." *SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010) (citation omitted).  An appellant ordinarily is considered to have abandoned any claim not raised in his initial brief.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n. 8 (11th Cir. 2003).

Rule 15(a) gives a plaintiff the right to amend a complaint once, as of right, within 21 days of serving it or receiving a responsive pleading or motion to dismiss.  Fed. R. Civ. P. 15(a); *Coventry First LLC v. McCarthy*, 605 F.3d 865, 869 (11th Cir. 2010) (citation omitted).  Otherwise, a party may amend its pleading only with the opposing party's consent or the court's leave, which the court should freely give when justice so requires.  Fed. R. Civ. P. 15(a)(2).  When a district court is moved for leave to amend a complaint, it may deny such a motion for futility.  *Coventry*, 605 F.3d at 870 (citation omitted).  "Leave to amend a complaint is futile when the complaint as amended would still be properly

4

dismissed or immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citation omitted). "An amendment to a pleading relates back to the date of the original pleading when . . . [it] asserts a claim that arose out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the original pleading." Fed. R. Civ. P. 15(c)(1).

Federal law prohibits discrimination based on national origin with regard to employees of the federal government. 42 U.S.C. § 2000e-16(a). "Before a potential plaintiff may sue for discrimination under Title VII, []he must first exhaust [his] administrative remedies." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citation omitted). A plaintiff in a Title VII action is required to file suit within 90 days after receiving a "right-to-sue letter," although this is not a jurisdictional prerequisite, and a defendant must assert the failure to file suit within 90 days as a defense. *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.3d 1211, 1218 (11th Cir. 1982) (citations omitted); 42 U.S.C. § 2000e-16(c). Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the 90 day filing requirement. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002) (citation omitted).

The district court correctly determined that no national origin discrimination claim appeared in Qian's original complaint. The court also correctly concluded that leave to amend was necessary in order to include such a claim.

The court's denial of leave to amend was not an abuse of discretion for several reasons. For example, by the time Qian sought leave to amend, the period for amendment as of right had passed, discovery had closed, and a trial date was imminent. Fed. R. Civ. P. 15(a), (c).

The proposed amendment was also futile. Qian had 90 days to file a discrimination claim, after receiving his "right-to-sue" letter from the EEOC. *Pinkard*, 678 F.3d at 1218. The instant complaint was filed within that time period, but it did not allege discrimination. The proposed amendment also fit none of the requirements of the "relation back" doctrine. *See* Fed. R. Civ. P. 15(c). Specifically, it did not arise from the same transaction or occurrence as his complaint—which focused solely on a denial of due process. Accordingly, the district court did not abuse its discretion by denying Qian leave to amend, and it committed no error in basing that decision upon the legal determination that Qian's amendment would have been futile, as a time-barred discrimination claim. Accordingly, we affirm the district court in this regard.

II.

We review a district court order granting summary judgment *de novo*, and view all of the facts in the record in the light most favorable to the non-moving party, drawing inferences in his favor. *Houston v. Williams*, 547 F.3d 1357, 1361 (11th Cir. 2008).

Summary judgment requires the movant to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (citation and quotation omitted). The nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is "merely colorable" or "not significantly probative." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511, 91 L. Ed.2d 202 (1986); *see also* Fed. R. Civ. P. 56(e)(2).

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[C]laims of entitlement, under the due process clause, must be supported by some

7

statute, legal rule, or mutually explicit understanding." *Todorov v. DCH Healthcare Authority*, 921 F.2d 1438, 1463 (11th Cir. 1991).

When appropriate, we review a procedural due process claim, first, by determining whether the plaintiff had a protected liberty or property interest that was infringed by government action. *Ross v. Clayton County, Ga.*, 173 F.3d 1305, 1307 (11th Cir. 1999) (analyzing procedural due process under the Fourteenth Amendment); *see Dusenberry v. United States*, 534 U.S. 161, 167, 122 S. Ct. 694, 699, 151 L. Ed.2d 597 (2002) (the Fourteenth Amendment's Due Process Clause and Fifth Amendment's Due Process Clause prohibit the same activity, with the Fifth simply applying to federal officials, rather than state). No property right in government employment exists if an employee is subject to discharge at will and no showing of good cause is necessary to terminate his employment. *See Davis. v. Mobile Consortium of CETA*, 857 F.2d 737, 741 (11th Cir. 1988). However, a physician's medical staff privileges can be a property interest protected by the Constitution's due process guarantees. *El Shahawy v. Harrison*, 875 F.2d 1529, 1532-33 (11th Cir. 1989). If we determine that a deprivation of a protected interest took place, then we must determine if the individual in question received sufficient process regarding that deprivation. *Ross*, 173 F.3d at 1307.

8

We conclude that, to the extent a cause of action was available to Qian to remedy the denial of due process, the district court properly granted summary judgment to the VA.

AFFIRMED.